## EDWARD B. CRAM *vs.* CHARLES A. HOLT.

Suffolk.    March 20. — April 6, 1883.    DEVENS & W. ALLEN, JJ., absent.

The defendant promised to pay the plaintiff a certain sum of money, in considera-
tion of a written agreement made by the plaintiff, by the terms of which the
plaintiff promised for himself and his associates to convey to the defendant, by
assignment or other conveyance, at his option, all the right, title and interest
which the plaintiff and his associates acquired by a certain bond for a deed
given by D. to the plaintiff, and all the real and personal property belonging to
a certain association; and which also provided that, " should the title of said
parties or the title of said D. prove defective, then this agreement shall be void
unless said parties shall make said title good within a reasonable time." The
bond from D. to the plaintiff contained this provision: " Said deed to be made
at the expiration of one year from this date, upon payment to me of " a sum
stated. *Held,* in an action on the defendant's promise, brought before the ex-
piration of one year from the date of the bond, that, if the plaintiff had per-
formed his agreement, and the title of D. was not defective, the sum promised
became immediately payable by the defendant; and that it could not be said,
as matter of law, that the action was prematurely brought.

CONTRACT.    Trial in the Superior Court, before *Gardner*, J., who ruled that the action could not be maintained, because it was brought prematurely; ordered a verdict for the defendant; and reported the case for the determination of this court.    If the ruling was correct, the verdict was to stand; otherwise, to be set aside and a new trial granted.    The facts appear in the opinion.

*S. K. Hamilton*, for the plaintiff.

*D. F. Kimball*, for the defendant.

FIELD, J.    The ground on which it is contended that the ac-
tion was brought prematurely is, that the bond for a deed given by one Davis to the plaintiff was dated November 24, 1879, and contained the following stipulation: "Said deed to be made at the expiration of one year from this date, upon payment to me of the further sum of fifteen hundred dollars "; and that the action was brought on November 8, 1880, which is within one year

from the date of the bond. The plaintiff declares on a promise made by the defendant to pay to him the sum of $3950, in consideration of an agreement made by the plaintiff and according to the terms of that agreement. By this agreement the plaintiff promised for himself and his associates " to convey to said Holt, by assignment or other conveyance, at his option, all the right, title and interest which the said Townsend, Loring and Holland, together with myself, acquired by bond, Lorenzo D. Davis to Edward B. Cram, recorded in the Somerset registry of deeds," &c. ; " and all property, both real and personal, belonging to the association known as the ' Orient Mining Company of St. Albans, Maine.' " The agreement contains the provision that, " should the title of said parties or the title of said Davis prove defective, then this agreement shall be void, unless said parties shall make said title good within a reasonable time."

This is not an agreement to convey by deed to the defendant the minerals and rights which Davis in his bond bound himself to convey to the plaintiff, but is an agreement to convey the right, title and interest which the plaintiff and his associates acquired by the bond. Under this agreement, it was not the duty of the plaintiff to pay to Davis $1500 and obtain a deed from him. If the plaintiff assigned or conveyed to the defendant all the right, title and interest which he and his associates acquired by the bond, and if the title of Davis was not defective, the agreement in this respect would have been performed by the plaintiff. As between the parties to this suit, it was the defendant's duty, if he desired a deed from Davis, to pay him the $1500. Whether Davis was, by the terms of the bond, bound to execute and deliver his deed before the expiration of one year from the date of the bond, if the sum of $1500 was tendered to him by the plaintiff or his assigns, or only at or after the expiration of the year, need not be determined. No evidence is recited that the title of Davis proved defective, or that Davis was not able and willing at any time to execute a deed, according to the terms of his bond, on receiving the $1500; and the ruling of the Superior Court was not made in reference to any such contention.

It does not appear by the exceptions whether, by the laws of the State of Maine, the recording of the bond was constructive

notice to all persons who claimed under Davis by a title subsequent to the record, and the ruling of the court does not appear to have been made in reference to any possibility that the right to compel a conveyance from Davis might be defeated by a conveyance by him to a purchaser for value without notice, or by a levy of execution by his creditors; neither was such a possibility apparently contemplated by the agreement. So far as appears by the report, if the plaintiff conveyed to the defendant all the right, title and interest which he and his associates acquired by the bond, and also all the property, real and personal, of the Orient Mining Company, by a good title, and if the title of Davis was not defective, then the $3950 became immediately payable by the defendant. It cannot be said, as matter of law, that the action was prematurely brought because it was brought before the expiration of one year from the date of the bond. The verdict must be set aside and a

*New trial granted.*